# EXHIBIT 1



# Notice of Service of Process

null / ALL
Transmittal Number: 20014810
Date Processed: 06/27/2019

| | |
|---|---|
| Primary Contact: | Legal Department null<br>Berkshire Hathaway Homestate Insurance Company<br>1314 Douglas St<br>Ste 1300<br>Omaha, NE 68102-1944 |
| Electronic copy provided to: | Brian Kamp<br>Dakota Feyerherm<br>Dean Tarmey<br>Brandi Pahl<br>Nina Lane<br>Chris Arispe<br>Darius Regnier<br>Anna Ehrenberg |
| Entity: | Cypress Insurance Company<br>Entity ID Number  3640931 |
| Entity Served: | Cypress Insurance Company |
| Title of Action: | 5201 Houston Road, LLC vs. Cypress Insurance Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Bibb County Superior Court, GA |
| Case/Reference No: | 2019-CV-070807 |
| Jurisdiction Served: | Georgia |
| Date Served on CSC: | 06/27/2019 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Joshua Hale<br>478-292-7351 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

## IN THE SUPERIOR COURT OF BIBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| 5201 HOUSTON ROAD, LLC<br>　　Plaintiff<br><br>vs.<br><br>CYPRESS INSURANCE COMPANY<br><br>　　Defendant. | CIVIL ACTION NO.:<br>2019-CV-070807 |

### SUMMONS

TO THE ABOVE NAMED DEFENDANT CYPRESS INSURANCE COMPANY:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney whose name and address is:

> ATTORNEY JOSHUA T. HALE
> LIGHTHOUSE LAW FIRM, LLC
> 3646 VINEVILLE AVENUE
> MACON, GA 31204

an answer to the complaint, which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 18th day of June, 2019.

Clerk of Superior Court

By: /s/ Denise M. McGhee
　　Deputy Clerk

IN THE SUPERIOR COURT OF BIBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| 5201 HOUSTON ROAD, LLC<br>Plaintiff<br><br>vs.<br><br>CYPRESS INSURANCE COMPANY<br><br>Defendant. | CIVIL ACTION NO.:<br>2019-CV-070807 |

## COMPLAINT FOR DAMAGES

**COMES NOW**, 5201 HOUSTON ROAD, LLC, Plaintiff in the above-styled action, by and through their undersigned counsel, and file this, their COMPLAINT FOR DAMAGES against CYPRESS INSURANCE COMPANY, Defendant herein, and respectfully show the Court as follows:

### JURISDICTION AND VENUE

1.

Defendant, CYPRESS INSURANCE COMPANY, (hereinafter referred to as "Defendant") is a corporation who upon information and belief has its principal office at One California Street, Suite 600, San Francisco, California 94111. Defendant may be served with process by serving its Registered Agent, Corporation Service Company, at 40 Technology Pkwy South, #300, Norcross, GA 30092.

2.

Plaintiff, 5201 HOUSTON ROAD, LLC, (hereinafter referred to as "Plaintiff") is a limited liability company organized and existing under the laws of the State of Georgia and

DM

maintains its principle office at 2784 Riverside Dr, Macon, Bibb County, Georgia, 31204

3.

Defendant is a company registered to do business in the State of Georgia and, therefore, is subject to the jurisdiction of this Court.

4.

Venue is proper in this Court because the Contract, as hereinafter defined, was executed in Bibb County, Georgia, and the subject matter of said Contract is that certain property located in Bibb County, Georgia, commonly known and designated as 5201 Houston Road, Macon, Bibb County, Georgia 31216 (the "Property").

5.

By virtue of the facts aforementioned and hereinafter alleged, venue is properly laid in this Court.

## RELEVANT FACTS

6.

Plaintiffs re-allege and incorporate by reference hereto Paragraphs 1 through 5 of their Complaint as if said paragraphs were fully set forth herein.

7.

Plaintiff and Defendant entered into that certain commercial property insurance contract, designated as Commercial Property Policy Number 03PRM022074-02 (the "Contract"), which provided insurance coverage on the Property, specifically including, a Vandalism Limitation, a Copper Theft Limitation, and other property damage.

8.

The Contract provided coverage on the Property for the period of October 2, 2016 to October 2, 2017.

9.

On or about July 3, 2017, an agent of Plaintiff discovered damage at the Property.

10.

Said agent contacted the Bibb County Sheriff's Office, who inspected the Property and made a report of their findings (Case # 2017-00074928).

11.

Within a few days of the police report being generated, said agent also filed a claim with Defendant and Claim Number 00424668 was initiated.

12.

Bridgewater Group, Inc. served as the "Claim Rep" for Defendant, visited and inspected the Property, and generated a report indicating a Replacement Cost Value of $85,746.15 and an Actual Cash Value of $60,669.21.

13.

While Plaintiff has paid $25,000.00 toward one occurrence of copper theft, to date, Plaintiff and Defendant have been unable to agree on the amount owed under the Contract.

14.

In spite of numerous demands for payment made by Plaintiff, Defendant has deliberately and steadfastly refused to pay the same.

## COUNT I
## BREACH OF CONTRACT

15.

Plaintiff re-alleges and incorporates by reference hereto Paragraphs 1 through 14 of its

Complaint as if said paragraphs were fully set forth herein.

16.

Plaintiff performed its services and fulfilled each and every requirement per the terms of the Contract.

17.

Plaintiff suffered property damage, vandalism, and copper theft.

18.

Defendant has deliberately and steadfastly refused to pay anything toward the Vandalism Limitation and more than one occurrence of Copper Theft and is, therefore, in breach of the Contract.

19.

Defendant has deliberately and steadfastly refused to pay the amount indicated by its Claim Rep and is, therefore, in breach of the Contract.

## COUNT II
## ATTORNEY'S FEES

20.

Plaintiff re-alleges and incorporate by reference hereto Paragraphs 1 through 19 as if said paragraphs were fully set forth herein.

21.

Defendants have acted in bad faith, have been stubbornly litigious and have caused the Plaintiff unnecessary trouble and expense.

22.

Plaintiff is entitled to attorney's fees and costs pursuant to **O.C.G.A. § 13-6-11.**

**WHEREFORE**, Plaintiff prays for the following relief:

(a)   That summons and process issue in terms of law;

(b)   That Defendants be held liable on all counts alleged herein;

(c)   That Plaintiff have and recover judgment against Defendant for damages in an amount provided for in the Contract, the same not being less than the Vandalism Limitation, the Copper Theft Limitation, and the property damage as reported by the Claim Rep;

(d)   That Plaintiff be awarded attorney's fees to cover the cost of their representation in this matter;

(e)   That Plaintiff be allowed to seasonably amend these pleadings as necessary;

(f)   That Plaintiff have such other and further relief as the Court deems equitable and just.

This 18 day of June, 2019.

_____
Joshua Hale
State Bar No.: 117211
Attorney for Plaintiff

Joshua Hale
Lighthouse Law Firm
3646 Vineville Avenue
Macon, GA 31204
(478) 292-7351

## VERIFICATION

Personally appeared before the undersigned officer duly authorized to administer oaths, a duly authorized signatory for 5201 HOUSTON ROAD, LLC, whom after being duly sworn, deposes and says, that the facts contained in the foregoing are true and correct to the best of their knowledge.

This 18 day of JUNE, 2019.

_____
Venkat Sanjeev
Manager, 5201 HOUSTON ROAD, LLC

Sworn to and subscribed before me

this 18th day of June, 2019.

_____
Notary Public, State of Georgia
My Commission expires: 8/6/2020

[Notary Seal: KATHRYN TONEY MARSHALL, NOTARY, EXP. 8/6/2020, PUBLIC, JONES CO., GA]

IN THE SUPERIOR COURT OF BIBB COUNTY
STATE OF GEORGIA

5201 HOUSTON ROAD, LLC
    Plaintiff

vs.

CYPRESS INSURANCE COMPANY

    Defendant.

CIVIL ACTION NO.:
2019-CV-070807

### ORDER GRANTING PLAINTIFF MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Plaintiff's Motion for Appointment of Special Process Server having been read and considered, and it appearing to the court that such appointment is authorized by O.C.G.A. §9-11-4(c) and should be made;

IT IS HEREBY ORDERED that BARRY STAPLETON is specially appointed, authorized, and directed to serve a copy of the Complaint, with summons attached, Plaintiff's Motion for Appointment of Special Process Server, along with a copy of this Order upon Defendants, Cypress Insurance Company, and to make and file proofs of service as required by law.

SO ORDERED this 26th day of June, 2019.

_____
Judge, Bibb Superior Court

IN THE SUPERIOR COURT OF BIBB COUNTY
STATE OF GEORGIA

5201 HOUSTON ROAD, LLC
    Plaintiff

vs.

CYPRESS INSURANCE COMPANY

    Defendant.

CIVIL ACTION NO.:
2019-CV-070807

## PLAINTIFF MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

COMES NOW, 5201 Houston Road, LLC, Plaintiff, in the above captioned action, and moves this Court for appointment of a special process server to serve the Defendant, Cypress Insurance Company, with Plaintiff's Complaint for Damages with Summons attached and shows the following in support thereof:

1.

In accordance with O.C.G.A.§9-1-4(c), process shall be served by the appointed special process server of the county where the action is brought or where the Defendant is found, or by any citizen of the United States specially appointed by the Court for that purpose.

2.

Plaintiff request and move this Court to appoint Barry Stapleton of Macon, Georgia, who is a licensed private investigator with Stapleton Legal & Investigative Services, as special process server who will attempt to serve Plaintiff's Complaint for Damages with Summons attached, Plaintiff's Motion for Appointment of Special Process Server, and Order granting Plaintiff's Motion for Appointment of Special Process Server upon Defendant, Cypress Insurance Company.

DM
DM

3.

The appointment of a special process server is to the benefit and best interest of all parties.

4.

The appointment of a special process server is in the best interest of justice.

5.

Plaintiff desires special process service of said Defendant because Defendant has been avoiding certified mail and other forms of service.

6.

Barry Stapleton is a citizen of the United States, and is over twenty-one (21) years of age. He is neither an employee of Plaintiff or Plaintiff's counsel, and is ready, willing, and able to serve the named Defendant.

7.

Barry Stapleton is not related to the Plaintiff and has no interest in the outcome of this action.

WHEREFORE, Plaintiff prays and moves this Court to grant his motion and appoint BARRY STAPLETON as a special process server to serve Plaintiff's Complaint for Damages, with Summons attached, Plaintiff's Motion for Appointment of Special Process Server, and Order granting Plaintiff's Motion for Appointment of Special Process Server upon Defendant, Cypress Insurance Company.

SO MOVED, this 18th day of June, 2019.

Joshua T. Hale
Attorney for Plaintiff
State Bar No. 117211

3646 Vineville Ave.
Macon, GA 31204
(478) 292-7351
joshua@lighthouse.legal